CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

SEP 3 0 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| KELLY GEORGE STANBACK, ) | |
| ) | Criminal No. 5:02cr30020 |
| Petitioner, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | **AND ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Samuel G. Wilson |
| ) | United States District Judge |
| Respondent. ) | |

This matter is before the Court on the motion of Kelly George Stanback pursuant to a pleading he has entitled "Notice and Demand to Dismiss for Lack of Criminal Jurisdiction." A jury found Stanback guilty of conspiracy to distribute fifty grams or more of crack cocaine in violation of 21 U.S.C. § 846, possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), and three counts of distribution of five grams or more of cocaine base in violation of 21 U.S.C. § 841. The Court rejects Stanback's "demand."

I.

On March 20, 2006 the court sentenced Stanback to 360 months on the drug charges and 60 months consecutive on the firearm charge, and the Court of Appeals affirmed on November 9, 2006. In April 2008 this court reduced Stanback's drug trafficking sentence to 292 months pursuant to a retroactive guideline amendment. Stanback now claims that this court lacked jurisdiction to hear his case and that his conviction is void. Stanback argues that this Court is a "territorial tribunal" that "lacks exclusive jurisdiction over the exact geographical location where the alleged criminal activity mentioned in the indictment is alleged to have occurred." He "demands" that the court "dismiss the instant criminal case with prejudice" because he was not arrested "in any fort, magazine, arsenal, dockyard or, 'needful building', or other federal enclave

within any Republic, nor was [his] person or, [his] private property situated within any of the aforementioned federal areas."

## II.

Stanback's arguments are frivolous. The court had jurisdiction over his offenses pursuant to 18 U.S.C. § 3231 which provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Stanback was convicted of offenses against the United States occurring in the Western District of Virginia.[1] However, the court denies the motion on another ground. Stanback does not purport to bring this claim pursuant to 28 U.S.C. § 2255 despite understanding its application.[2] Absent an appropriate collateral proceeding, with certain limited exceptions, not present here, the court does not have jurisdiction to alter a final judgment. See 18 U.S.C. § 3582 (c). Accordingly, the court rejects Stanback's demand.

## III.

For the reasons stated above, it is **ORDERED** and **ADJUDGED** that Stanback's "Notice and Demand to Dismiss for Lack of Jurisdiction" is **DENIED**.

**ENTER**: This September 30, 2009.

_____
UNITED STATES DISTRICT JUDGE

---

[1] To the extent that he is arguing that Congress lacked Commerce Clause authority to criminalize the offenses of which he was convicted, he is mistaken. Gonzales v. Raich, 545 U.S. 1 (2005) (Controlled Substance Act is a valid exercise of Congress' Commerce Clause authority.)

[2] See United States v. Stanback, No. 08-7631 (4th Cir. August 3, 2009)( affirming denial of Stanback's motion for extension of time to file a 28 U.S.C. § 2255 motion).