CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 0 2 2019

JULIA C. DUDLEY, CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 5:02-CR-30020-1 |
| | ) | |
| v. | ) | |
| | ) | |
| KELLY GEORGE STANBACK, | ) | By: Hon. Michael F. Urbanski |
| Defendant | ) | Chief United States District Judge |

## MEMORANDUM OPINION

Kelly George Stanback, represented by counsel, filed a motion to reduce his sentence pursuant to Section 404(b) of the First Step Act of 2018. ECF No. 1449. He asks the court to reduce his current sentence of 248 months to time served. The government asserts that Stanback is ineligible for consideration of a reduction in his sentence, and in the alternative, that if he is eligible for consideration, a further reduction of his sentence is not warranted. The government suggests that the only relief to which Stanback is entitled is a reduction in his term of supervised release from 5 years to 4 years. For the reasons set forth below, the court will **GRANT** Stanback's request and modify his sentence to time served, to be followed by a 4-year term of supervised release.

## BACKGROUND

On March 20, 2003, a jury convicted Stanback of one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count 1); one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count 58); and three counts of distributing 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Counts 60, 61, 62). Pursuant to 21 U.S.C. § 841(b)(1)(A) (2002), Stanback faced a statutory sentencing range of 10 years to life

on the conspiracy charge. He faced a statutory sentencing range of 5 years to life on the distribution charge, 21 U.S.C. § 841(b)(1)(B), and 60 consecutive months on the possession of a firearm charge. 21 U.S.C. § 924(c)(1)(A). According to the PSR, it appeared that Stanback distributed well over 1.5 kilograms of cocaine base. ECF No. 1457 at 9.

Under the sentencing guidelines, based on 1.5 kilograms of cocaine base, his base offense level was 38. He received a 4-point increase for his role in the offense, giving him a total offense level of 42. ECF No. 1457 at 9-10. Coupled with his criminal history category of I, his guideline range for the drug offense was 360-months to life. U.S.S.G. Ch. 5, Pt. A. On June 19, 2003, Stanback was sentenced to a term of 420 months, which represented the low end of the then-mandatory guidelines sentence of 360 months on the drug offenses, followed by 60 months on the firearm charge. The court also imposed a 5-year term of supervised release. ECF Nos. 292, 1455.

Stanback's sentence has been reduced three times, pursuant to retroactive amendments to the drug weight sentencing guideline table. ECF No. 1455. Currently, his base offense level is 32; his total offense level is 36; and the guideline range on his drug offenses is 188-235 months. His current sentence is 248 months, which represents 188 months on the drug offenses and 60 months on the firearm charge. He has served approximately 201 months and with good conduct time, his projected release date is January 2, 2021. Id.

Stanback seeks relief under the First Step Act. He argues that he is eligible for relief and that because the sentencing guidelines are now advisory rather than mandatory, that this court has discretion to reduce his sentence to time served.

## I. First Step Act

At the time Stanback was sentenced, a violation of § 841(a)(1) carried a mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment if the offense involved more than 50 grams of cocaine base, and a penalty range of 5 to 40 years if the offense involved more than 5 grams of cocaine base. 21 U.S.C. § 841(b)(1)(A) and (B) (2006). In 2010, the Fair Sentencing Act was passed, and Section 2 of the Act reduced penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). Currently, in order to trigger the 10-years-to-life-sentencing range, the offense must involve more than 280 grams of cocaine base, and to trigger the 5-to-40-year sentencing range, the offense must involve more than 28 grams of cocaine base.

The First Step Act was passed on December 21, 2018. Section 404 of the act permits a court, upon motion of the defendant or the government, or upon its own motion, to impose a reduced sentence for certain offenses in accordance with the Fair Sentencing Act of 2010, if such a reduction was not previously granted. Offenses qualify for the reduction if they were committed before August 3, 2010 and carry the statutory penalties which were modified by section 2 or 3 of the Fair Sentencing Act of 2010. ,First Step Act of 2018, Pub. L. No. 115-015, 132 Stat. 015 (2018).

The government argues that even though Stanback was sentenced prior to enactment of the Fair Sentencing Act of 2010, and even though his offenses carry the statutory penalties

which were modified by the Section 2 or 3 of the Fair Sentencing Act, that he does not qualify for a sentence reduction. The government argues that it is the drug weight for which a defendant is held responsible and not the drug weight for which he was convicted that determines eligibility for First Step Act relief and that Stanback's drug quantity in the Presentence Investigation Report (PSR) makes him ineligible. In the alternative, the government contends that even if Stanback is eligible for a modification of his sentence, the court should exercise its discretion and decline to reduce the sentence.

**A. Drug Weight**

The government asserts that whether a defendant is entitled to relief under the First Step Act depends on the amount of cocaine base for which he was found responsible in the PSR, rather than the amount for which he was indicted and convicted. Because Stanback was found responsible for 1.5 kilograms on the conspiracy charge, which would make him subject to the 21 U.S.C. § 841(a)(1)(A) penalties, the government argues that he is not entitled to relief under the First Step Act.[1]

Stanback responds that the drug weight is an element of the offense and that any fact that increases a mandatory minimum penalty is an element that must be charged in an indictment and proved to a jury beyond a reasonable doubt, citing Apprendi v. New Jersey, 530 U.S. 466 (2000) and Alleyne v. United States, 570 U.S. 99 (2013). Under those two cases,

[1] Because the PSR does not establish the individual drug weights for Counts 60-62, the government does not contest Stanback's eligibility for consideration of a reduction on those counts. However, because those counts were grouped with Count 1 for guideline purposes, the government urges the court to decline to reduce Stanback's sentence on those counts. See ECF No. 1478 at n. 1.

if Stanback were sentenced today, his sentence would be based on distributing 50 grams or more of cocaine base, and not 1.5 kilograms of cocaine base.

In Apprendi, the Supreme Court held that the Sixth Amendment to the Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. In Alleyne, the Court applied Apprendi to the federal mandatory minimum and maximum sentencing scheme and held that because mandatory minimum sentences increase the penalty for a crime, any fact that increases the mandatory minimum is an element of the crime that must be submitted to the jury. Id. at 116 (overruling Harris v. United States, 536 U.S. 545 (2002)).

The government argues, correctly, that neither Apprendi nor Alleyne are retroactively applicable on collateral review. See United States v. Sanders, 247 F.3d 139, 146 (4th Cir. 2001) (joining other circuits in finding that Apprendi does not apply retroactively to cases on collateral review); and United States v. Stewart, 540 Fed.Appx. 171 (4th Cir. 2013) (per curiam) (noting that Alleyne has not been made retroactively applicable to cases on collateral review). The government then argues that for a period of time after Apprendi was decided, including before passage of the Fair Sentencing Act in 2010, the jury ordinarily made a finding regarding the threshold penalty, but the court could and did impose statutory-minimum penalties regardless of any jury finding. That practice was authorized by Harris, and Alleyne did not overrule Harris until three years later, and three years after the Fair Sentencing Act was enacted.

The government contends that nothing in the First Step Act suggests that Congress intended to adopt a different methodology, and that the act only directs the court to examine a sentence as if Sections 2 and 3 of the Fair Sentencing Act were in effect at the time, and not to change the manner of determining quantity. In essence, the government is asking the court to apply the holding in Harris and disregard Alleyne when examining Stanback's sentence. However, Congress, when drafting the First Step Act in 2018, surely did not intend for courts to disregard the last six years of Supreme Court federal sentencing jurisprudence and this court declines to do so.

Alleyne made clear that in order to preserve a defendant's Sixth Amendment right to a jury trial, any fact that increases the statutory mandatory minimum sentence is an element of the crime which must be submitted to the jury. Alleyne, 570 U.S. at 116. The jury in Stanback's case found him guilty of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base. ECF No. 214. Under Alleyne, this court is not free to ignore that finding and impose a penalty based on the 1.5 kilograms of cocaine base referenced in the PSR. Thus, although Apprendi and Alleyne are not retroactively applicable on collateral review, this court joins other courts in finding that their holdings are applicable in the context of the First Step Act. See United States v. Simons, No. 07-CR-00874, 2019 WL 1760840 at * 6 (E.D.N.Y. Apr. 22, 2019) (citing Alleyne and finding that statutory penalties are determined by facts submitted to a grand jury, trial jury, or established by a guilty plea while findings by a judge may be used to determine a sentence within the statutory penalties and cannot change "the mandatory minimum sentence now applicable"); United States v. Dodd, No. 3:03-CR-

18-3, 2019 WL 1529516 (S.D. Iowa, Apr. 9, 2019) (finding in a First Step Act case that "[b]oth Apprendi and Alleyne are binding on this Court for sentencings held today."); United States v. Davis, No. 07-CR-245(S)(1), 2019 WL 1054554 (W.D.N.Y. Mar. 6, 2019), appeal docketed, No. 19-874 (2nd Cir. Apr. 5, 2019) ("[I]t is the statute of conviction, not actual conduct, that controls eligibility under the First Step Act."); see also United States v. Laguerre, No. 5:02-CR-30098-3, 2019 WL 861417 (W.D. Va. Feb. 22, 2019) (relying without discussion on charged drug weight rather than PSR weight to find defendant eligible for relief).

**B. Discretion of the Court**

The government argues that if the court finds Stanback eligible for consideration under the First Step Act, that it should exercise its discretion to deny him relief, in light of the drug weight. It claims that if Stanback had been prosecuted after passage of the Fair Sentencing Act, he would have been prosecuted for possession of at least 280 grams of cocaine base, subjecting him to the 10-years-to-life sentencing range found in 21 U.S.C. § 841(b)(1)(A).

This appears to be the approach taken by the court in United States v. Haynes, No. 8:08-CR-441, 2019 WL 1430125 (D. Neb., Mar. 29, 2019) appeal docketed, No. 19-1701 (8th Cir. Apr. 4, 2019). There, a defendant was indicted and pleaded guilty to possession with intent to deliver 5 grams or more of cocaine base. In the plea agreement, he agreed to be held responsible for 20-35 grams of cocaine base, and the PSR said he was responsible for at least one ounce (28.35 grams) of cocaine base. Id. at *1. He sought relief under the First Step Act based on his plea of guilt to the 5 grams of cocaine base. Id. at *2. The court denied relief,

finding that if the Fair Sentencing Act had been in effect at the time the defendant was indicted, the government would have charged him under 18 U.S.C. §841(b)(1)(B)(iii).

This approach was rejected by the court in Dodd, 2019 WL 1529516 at *3. There, the court found that such a speculative claim is insufficient and that many things might have been different at the time the defendant was indicted and tried. The court was unwilling to engage in "a series of hypotheticals about what might have happened had aspects of the case been fundamentally altered." Id. See also United States v. Pierre, ___ F.Supp.3d ___, 2019 WL 1495123 (D.R.I. Apr. 5, 2019) (holding that in determining eligibility under the First Step Act, court should look to whether the offense of conviction was modified by the Fair Sentencing Act of 2010 and should not delve into the particulars of the record to determine how the defendant committed the offense of conviction or how the facts would have hypothetically affected the charges brought under the new statutory scheme).

This court finds the reasoning in Dodd and Pierre persuasive. While it is possible that the government would have proceeded against Stanback under 18 U.S.C. §841(b)(1)(A), it also is possible that it would not have chosen to do so. The government could have determined that evidence was insufficient to prove the quantity beyond a reasonable doubt, or if it did indict him on that amount, the parties might have entered into a plea agreement involving less than 280 grams of cocaine base. The retroactive assumption suggested by the government simply is too speculative a basis on which to determine Stanback's eligibility for a sentence reduction. Thus, this court declines to assume that Stanback would have been charged and

convicted of possessing more than 280 grams of cocaine base if the Fair Sentencing Act had been in effect at the time he was convicted.

The government further argues that a reduction in Stanback's sentence would constitute an unjustified windfall to him based upon the date of his prosecution and offends the need to avoid unwarranted sentence disparities among similarly situated offenders. This argument is based on the government's previous argument that in cases brought after the passage of the Fair Sentencing Act but prior to Alleyne, juries were asked to make quantity determinations based on that act's new thresholds for purposes of establishing applicable statutory maximums, and courts could and did impose higher statutory minimums based on their own conclusions regarding drug quantity.

The government appears to be arguing that this court should ignore both the plain language of the First Step Act regarding who is eligible for a sentence reduction as well as the holding in Alleyne, because other defendants sentenced within that three-year window may have been subject to longer statutory minimum sentences. While the court is aware of the need for consistent sentences among defendants, it is not free to ignore either the law or constitutional precedent. As discussed above, this court finds that the First Step Act applies to Stanback and finds that it is compelled by Alleyne look only at the amount of drugs for which Stanback was indicted and found guilty when determining whether he is entitled to a sentence reduction. Accordingly, this court will not refrain from modifying Stanback's sentence under the First Step Act because other defendants may have been sentenced differently.

Finally, the government points out that because of the other sentence reductions he has received, Stanback's current sentencing range is 188 to 235 months on the drug charges, which is the same sentencing range he is entitled to under the First Step Act. The government asserts that Stanback's minimal criminal history has already been taken into account in his guideline calculations and that he has presented no further evidence to support a reduction in his sentence.

Stanback agrees that the appropriate sentencing range is 188 to 235 months on the drug charges, but contends that at the time he was sentenced, the guidelines were mandatory and the court did not have discretion to sentence him below the guideline range, either to reflect his minimal criminal history or to avoid disparities with the other defendants in his case. In addition, Stanback asserts that under the now-advisory guidelines, courts routinely sentence offenders well below the guidelines. The government counters that if Stanback's sentence is reduced, it should not be reduced to less than time served, and also argues that a full resentencing is not authorized.[2]

---

[2] The government argues that a full resentencing is foreclosed by Dillon v. United States, 560 U.S. 817, 824-26 (2010), where the Supreme Court found that full sentencing rehearings are not authorized by retroactive guideline reductions. The court does not reach this argument because it finds that there is no need to do so in this case. The court will consider the § 3553(a) factors. See United States v. Davis, 679 F.3d 190 (4th Cir. 2012) (holding that in the context of a Rule 35(b) motion, a district court can consider § 3553(a) factors). See also https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last viewed April 29, 2019) (noting in newsletter from the United States Sentencing Commission that courts will have to decide whether a resentencing under the Act is a plenary resentencing proceeding or a more limited resentencing and stating "In either instance, the Act made no changes to 18 U.S.C. § 3553(a), so the courts should consider the guidelines and policy statements, along with other 3553(a) factors, during the resentencing.")

The court finds that it has authority under 18 U.S.C. § 3582(c)(2) to modify Stanback's sentence, taking into account the advisory nature of the guidelines after Booker[3] and the considerations set forth in 18 U.S.C. § 3553(a). Stanback has served approximately 201 months without consideration of any good conduct time he has earned. Had he been sentenced under the Fair Sentencing Act, his statutory mandatory minimum sentence would have been 60 months on the drug charges followed by the 60-month sentence on the firearm charge. If the court modifies Stanback's sentence to time served, he will have served 141 months on the drug charges and 60 months on the firearm charge.

The court has reviewed Stanback's PSR, the addendum to the PSR, and the arguments of the parties and finds that under the current Sentencing Guidelines and the 18 U.S.C. § 3552 factors, a sentence beneath the guidelines range is warranted. Stanback has served 201 months on a conviction where if he were sentenced today, he would have a statutory mandatory minimum sentence of 120 months and a guideline sentencing range of 188-235 months. He is now 51 years old, obtained a GED while incarcerated, has taken several other courses, has paid off his court-imposed financial obligation, and recently was reclassified to a lower-security camp based in part on his lack of disciplinary problems. ECF No. 1471-1. The court finds that a sentence of time served is sufficient, but not greater than necessary, and accounts for the sentencing factors the court must consider pursuant to 18 U.S.C. § 3553(a), specifically

[3] See United States v. Booker, 543 U.S. 220 (2005) (holding that in order to avoid a constitutional violation, the Sentencing Guidelines are advisory and not mandatory).

deterrence, protection of the public, and respect for the law. Accordingly, the court **GRANTS** Stanback's motion under the First Step Act and reduces his aggregate sentence to time served.

An appropriate Order and amended judgment will be entered. The order will be stayed for 10 days to give the Bureau of Prisons an opportunity to process Stanback's release.

Entered: 05-02-2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge