# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 5:02-CR-30020 |
| v. | ) |
| | ) |
| KELLY GEORGE STANBACK, | ) |
| | ) By:  Michael F. Urbanski |
| Defendant | ) Chief United States District Judge |

## MEMORADUM OPINION

This matter is before the court on defendant Kelly George Stanback's motion for early termination of supervised release. ECF No. 1546. For the reasons stated below, the court **DENIES without prejudice** Stanback's motion.

On March 20, 2003, a jury found Stanback guilty of one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base and three counts of distributing 5 grams or more of crack cocaine, all in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). ECF No. 214, 292. He initially was sentenced to a 420-month term of imprisonment to be followed by a 5-year term of supervised release. ECF No. 292. Stanback's original sentence was reduced to 248 months following three retroactive amendments to the drug weight sentencing guidelines table. In 2019, Stanback sought a further reduction in his sentence pursuant to the First Step Act of 2018 and on May 2, 2019, the court modified his sentence to time served, to be followed by a 4-year term of supervised release. ECF Nos. 1485, 1487. He began serving his four-year term of supervised release at that time.

1

While Stanback was incarcerated, he obtained his high school equivalency diploma and took many other classes offered by the institution. He had a good disciplinary record and qualified for placement in a medium security facility.

Stanback has completed almost 18 months of his 48-month term of supervised release. He suffers from spinal stenosis for which he is being treated and is receiving disability benefits but would like to return to the workplace if his condition improves. He also has high blood pressure and GERD. While on supervision, Stanback has committed no violations, passed all drug screens, and paid off his court-imposed financial obligations. He lives with his brother in Georgia but visits his children and grandchildren in the Washington, D.C. area when his probation officer allows him to do so. ECF No. 1546.

The court sought input from Stanback's United States Probation Officer. The officer informed the court via email that Stanback has not had any issues while on supervised release. He has maintained stable housing, passed all drug screens, and has shown a desire to change. Nevertheless, the probation officer recommended that Stanback serve at least half of his term of supervised release to show a continued pattern of change and compliance.

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. The following factors are to be considered: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further

crimes of the defendant, provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the United States Sentencing Guidelines; (5) any pertinent policy statement issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among defendants; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Courts have discretion to grant early termination of supervised release, even when the conditions for termination are met. Folks v. United States, 733 F.Supp.2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. Id. (citing United States v. Pregent, 190 F.3d 279, 282-83 (4th Cir. 1999)). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Id. (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. Id. at 652 (collecting cases).

Turning to the § 3553(a) factors, the court finds that the nature and circumstances of the offense and the history and characteristics of the defendant weigh against early termination of supervision. Stanback was a leader in the drug dealing enterprise and during a search of his residence at the time he was arrested, law enforcement officers seized two handguns, ammunition, and a large amount of cash, drugs, and drug paraphernalia. PSR ¶ 20, ECF No. 1457 at 7. Although that conduct occurred a long time ago, it underscores the serious nature

of Stanback's offense. Looking at the second § 3553(a) factor, the court finds that while Stanback does not appear to present any threat of committing further crimes, adhering to the rules that are part of his supervised release for longer than 18 months will provide him continuing structure as he transitions to life outside of prison. Regarding the range of supervised release terms for the category of offense committed by Stanback, the four-year term imposed by the court is the minimum term provided by the statute. 21 U.S.C. § 841(b)(1)(B). Thus, it is reasonable and appropriate to require Stanback to serve more than 18 months of the term. None of the remaining factors weigh either in favor or against early termination of supervised release.

Having considered the § 3553(a) factors and the opinion of the probation officer overseeing Stanback's supervised release, the court **DENIES without prejudice** Stanback's motion for early termination. To be sure, the court is impressed with Stanback's adherence to the conditions of supervised release, his positive attitude, and his commitment to success. But the court finds that is both in Stanback's best interest and in the best interest of the community for him to continue to be supervised at this time.

An appropriate order will be entered.

It is so **ORDERED**.

ENTERED: 10/28/2020

Michael F. Urbanski
Chief United States District Judge